WILLIAM A. BAUDLER
GEORGE VELASTEGUI (California Bar No. 107847)
MICHELLE M. SMITH (California Bar No. 191672)
National Labor Relations Board, Region 32
1301 Clay St., Suite 300N
Oakland, CA 94612-5224
Phone: 510-637-3291
Fax: 510-637-3315
E-mail: Michelle.Smith@nlrb.gov

Attorneys for the Applicant

**FILED**

MAY 3 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NATIONAL LABOR RELATIONS BOARD<br><br>Applicant,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 521, VELVET HAZARD, KRISTY SERMERSHEIM, LUISA BLUE, AND ELSA CABALLERO<br><br>Respondents. | Case No.: **CV- 0 8 - 8 0 1 1 9 -MISC.**<br><br>APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA *DUCES TECUM* AND SUBPOENAS *AD TESTIFICANDUM* |

The National Labor Relations Board (herein called the Board), an administrative agency

of the Federal Government created pursuant to the National Labor Relations Act, as amended [29

U.S.C. Sec. 151, et seq.] (herein called the Act), by its General Counsel, and by William A.

Baudler, its Regional Attorney for Region 32, respectfully applies to this Honorable Court,

pursuant to Section 11(2) of the Act, for an order requiring Service Employees International

Union, Local 521 (herein called Respondent Local 521) to obey a subpoena *duces tecum;* and

1   requiring Velvet Hazard, Kristy Sermersheim, Luisa Blue and Elsa Caballero (herein called

2   Respondents Hazard, Sermersheim, Blue and Caballero), to obey subpoenas *ad testificandum*.

3   Such subpoenas were issued by the Board and duly served on Respondent Local 521 and

4   Respondents Hazard, Sermersheim, Blue and Caballero (herein collectively referred to as

5   Respondents), in the manner provided by law. In support of said application, upon information

6   and belief, the Board respectfully shows as follows:

7       (a)    Jurisdiction:    This Court has jurisdiction over the subject matter of the

8   proceeding, and over Respondents, by virtue of Section 11(2) of the Act, in that the inquiry in aid

9   of which the subpoenas were issued was carried on within this judicial district. Further,

10  Respondent 521 is engaged within this judicial district in providing organizing, bargaining and

11  representation services to its members; Respondent Local 521 maintains an office and place of

12  business in San Jose, California, and was served with a subpoenas *duces tecum* within this

13  judicial district. Respondents Hazard, Sermersheim, Blue and Caballero, who are Respondent

14  Local 521's Organizing Director, President, Assistant to the President and Worksite Organizer,

15  respectively, and who are employed or otherwise affiliated with Respondent Local 521, were

16  duly served with subpoenas *ad testificandum* within this judicial district.

17      (b)    Pursuant to the provisions of Section 6 of the Act, the Board has issued Rules and

18  Regulations, Series 8, as amended (herein called the Board's Rules), governing the conduct of its

19  operations, which have been duly published in the Federal Register (24 F.R. 9095), as provided

20  for in the Administrative Procedure Act (5 U.S.C. Sec. 552). This Court may take judicial notice

21  of the Board's Rules by virtue of 44 U.S.C. Sec. 307.

22      (c)    Pursuant to the provisions of Section 10(b) of the Act, there is now pending

23  before the Board an unfair labor practice proceeding involving a related charge filed against

24  Respondent Local 521. The charge against Respondent Local 521, Case 32-CA-23614, has been

25  filed and served on Respondent Local 521 in the manner and form required by law and by

1    Sections 102.9, 102.10 and 102.14 of the Board's Rules.  A copy of the charge is attached hereto

2    and designated Exhibit 1.

3        (d)    Pursuant to the provisions of Section 3(d) of the Act, the General Counsel of the

4    Board and his duly authorized agents have the final authority, on behalf of the Board, to

5    investigate charges and issue complaints under Section 10 of the Act.  The Regional Director of

6    Region 32 of the Board, on behalf of the General Counsel, pursuant to the provisions of Section

7    3(d) of the Act, conducted an investigation of the unfair labor practice charge described in

8    paragraph (c) above.  As a result of evidence obtained during the investigation, the Regional

9    Director concluded that no final decision could be reached on the merits of this charge without

10   an examination of evidence in the possession and control of Respondents Local 521 and

11   testimony of Respondents Hazard, Sermersheim, Blue and Caballero.  The affidavit of Alan B.

12   Reichard, the Regional Director of Region 32 of the Board, is attached hereto and designated

13   Exhibit 2.

14       (e)    Because of the proceedings described above in paragraphs (c) and (d), the Board

15   issued on January 14, 2008, at the written request of Michelle M. Smith, Board Attorney and

16   representative of the General Counsel of the Board, the following:

17       (1)    Subpoena duces tecum No. B-560344, requiring the custodian of records

18   of Respondent Local 521 to appear before a Board Agent on January 28, 2008 at 9 a.m. at the

19   Board's Region 32 office located at 1301 Clay Street, Suite 300N, Oakland, California (herein

20   called Oakland Regional Office) to provide the Board Agent with certain specified books,

21   records, and other documents and to give testimony in connection with the investigation of the

22   charges described above in paragraphs (c) and (d).

23       (2)    Subpoena ad testificandum No. A-802548, requiring Respondent Hazard

24   to appear before a Board Agent on January 28, 2008 at 9 a.m. at the Oakland Regional Office to

25

give testimony in connection with the investigation of the charges described above in paragraphs (c) and (d).

(3)     Subpoena *ad testificandum* No. A-802549, requiring Respondent Sermersheim to appear before a Board Agent on January 28, 2008 at 9 a.m. at the Oakland Regional Office to give testimony in connection with the investigation of the charges described above in paragraphs (c) and (d).

(4)     Subpoena *ad testificandum* No. A-802550, requiring Respondent Blue to appear before a Board Agent on January 28, 2008 at 9 a.m. at the Oakland Regional Office to give testimony in connection with the investigation of the charges described above in paragraphs (c) and (d).

(5)     Subpoena *ad testificandum* No. A-802551, requiring Respondent Caballero to appear before a Board Agent on January 28, 2008 at 9 a.m. at the Oakland Regional Office to give testimony in connection with the investigation of the charges described above in paragraphs (c) and (d).

(f)     The subpoenas described in paragraph (e) were issued under the authority of, and in the manner and form provided for, in Section 11(1) of the Act, and Section 102.31(a) of the Board's Rules. Copies of the subpoenas identified in paragraph (e) are attached hereto as <u>Exhibit 3(a) through 3(e)</u>.

(g)     The subpoenas described in paragraph (e) were duly served upon Respondents in the manner and form provided for in Section 11(4) of the Act and Section 102.113 of the Board's Rules. Copies of the proof of service for the subpoenas identified in paragraph (e) are attached hereto as <u>Exhibit 4(a) through 4(e)</u>.

(h)     Respondent Local 521's custodian of records, and Respondents Hazard, Sermersheim, Blue and Caballero each failed to appear to testify and/or to produce the subpoenaed documents and records on the date indicated on their respective subpoenas and

1  continue to fail and refuse to testify and/or to produce the documents and records called for in

2  the subpoenas described in paragraph (e).

3       (i)   <u>Respondents Filed Petitions to Revoke</u>: Respondents filed petitions with the

4  Board on January 22, 2008, to revoke or limit their respective subpoena *duces tecum* and

5  subpoenas *ad testificandum*.[1] Respondent Local 521's petition to revoke or limit subpoena *duces*

6  *tecum* claimed in very general terms that the subpoena is overbroad and burdensome, seeks

7  documents and testimony protected as attorney work-product or by the attorney-client privilege,

8  seeks private information protected by the California Constitution and the Act, and, finally, seeks

9  irrelevant and immaterial documents. However, Respondent Local 521's petition to revoke or

10  limit subpoena *duces tecum* failed to specify how the production of any subpoenaed information

11  would be overly burdensome. Respondent Local 521's petition similarly failed to specify a

12  single document or piece of information that it claimed to be protected from disclosure by

13  privilege or privacy. Finally, Respondents failed to present any evidence or legal authority to

14  support their conclusory objection that the subpoenas are irrelevant and immaterial. In response,

15  on February 21, 2008, Region 32 filed an Opposition to the Respondents' Petitions to Revoke or

16  Limit Investigatory Subpoenas.

---

[1] The Act and the Board's Rules provide a procedure by which a party served with a subpoena, if it objects to compliance with the subpoena, may petition to revoke the subpoena. Section 11(1) of the Act provides in pertinent part:

    For the purpose of all hearings and investigations, which in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by Section 9 and 10 – (1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses of the production of any evidence in such proceeding or investigation requested in such application. Within five days after the service of a subpoena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpoena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpoena does not describe with sufficient particularity the evidence whose production is required …

(j)     The Board Denied Respondents' Petitions to Revoke:   After duly considering Respondents' petitions to revoke the subpoenas and Region 32's opposition, the Board denied Respondents' petitions in an Order dated April 28, 2008.  Citing *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005 (9th Cir. 1996) and *NLRB v. Carolina Food Processors, Inc.*, 81 F.3d 507 (4th Cir. 1996), the Board found that the subpoenas seek information relevant to the matter under investigation and that Respondents failed to establish any legal basis for revoking the subpoenas. A copy of the Board's Order is attached hereto as Exhibit 5.

(k)     Region 32 of the Board Sought Respondents' Voluntary Compliance:   Following the issuance of the Board's Order, by letter dated May 1, 2008, Region 32 sought Respondents' voluntary compliance and requested a response by May 8, 2008.  A copy of the Region's May 1 letter is included as part of Regional Director Alan B. Reichard's affidavit, attached hereto as Exhibit 2(B).  On May 14, 2008, Board Attorney Michelle M. Smith left a voicemail message for Respondents' attorney Vincent Harrington again requesting that Respondents voluntarily comply with subpoenas and advised that their failure to do so would result in the Board seeking subpoena enforcement.   To date, Respondents have not responded to the letter or telephone message, and have failed to comply with the subpoenas.

(l)     Respondents' refusal to produce the records and documents set forth in subpoena *duces tecum* No. B-560344, and to testify as required by the subpoenas *ad testificandum* Nos. A-802548, A-802549, A-802550 and A-802551 – which documents, records and testimony are relevant and material to the investigation currently in progress by Region 32 of the Board in Case 32-CA-23614 – constitutes contumacious conduct within the meaning of Section 11(2) of the Act, which conduct has impeded and continues to impede the Board in the investigation of the matters before it, and by said conduct Respondents have prevented and are preventing the Board from carrying out its duties and functions under the Act.

(k)    The Statutory Scheme and Precedent Law:    Section 11 of the Act and its accompanying subparagraphs, which authorize the Board to issue subpoenas and grant jurisdiction to the district courts to enforce subpoenas, were incorporated into the Act when it was initially passed by Congress in 1935. Section 11(2) of the Act, pursuant to which this application is before the Court, was patterned by Congress after similar provisions in the Interstate Commerce Act, the Federal Trade Commission Act, and the enabling acts of other Federal regulatory agencies.[2]    The constitutionality of provisions for the issuance and enforcement of subpoenas on behalf of Federal regulatory agencies has long since been affirmatively decided by the United States Supreme Court.[3] The orderly operation of the Act requires that the Board have authority to issue subpoenas as a necessary incident of the power to investigate and prosecute,[4] and the enforcement of subpoenas by the Federal district courts is a necessary ancillary procedure to insure the authority of the Board to effectuate the purposes of the Act as intended by Congress.

Applicable standards for judicial enforcement of administrative subpoenas are now well-settled. Duly-issued subpoenas are entitled to enforcement subject to the requirements that the Board is acting within its statutory authority in a general class of proceeding that it is empowered

---

[2] See comparison of S. 2926 and S. 1958 (74th Congress), March 11, 1935, *Legislative History of the National Labor Relations Act, 1935* (G.P.O. 1949) 1368.

[3] See *United States v. Bryan,* 339 U.S. 323 (1950); *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186 (1946).

[4] *NLRB v. Alaska Pulp Corporation,* 149 LRRM 2682 (D.C.C 1995); *NLRB v. Barnes,* 178 F. 2nd 156 (7th Cir. 1949).

to conduct, that the subpoenas are not unreasonably burdensome, and that the information sought

is not "plainly incompetent or irrelevant to any lawful purpose."[5]

The U.S. Court of Appeals for the Seventh Circuit described the applicable standards, as

follows:

> . . The essential requirement for both the issuance and enforcement of a National
> Labor Relations Board subpoena is that the production of the evidence or the
> giving of the testimony called for by the subpoena must relate to a 'matter under
> investigation or in question.' The evidence or testimony sought must touch upon
> the matter under investigation or in question. [6]

In affirming a district court's order enforcing a subpoena duces tecum in 1969, the Sixth

Circuit stated as follows:

> The National Labor Relations Board is authorized to subpoena documents related
> 'to any matter under investigation or in question.' . . . Moreover, in the case of a
> refusal to obey such a subpoena, the Board can apply to the appropriate United
> States Court for aid in compelling the production of the documents sought. . .If
> the District Judge is convinced that the matter under investigation is within the
> jurisdiction of the Board, that the evidence subpoenaed is related to that matter
> and is described with 'sufficient particularity,' an order requiring compliance with
> the subpoena is appropriate. [7]

The judicial role in subpoena enforcement proceedings is "extremely limited," and there

is no requirement that "the agency even make any showing of probable cause to believe that the

law has been violated."[8]

The Tenth Circuit has described the judicial role in the subpoena enforcement

proceedings as follows:

---

[5] *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943). See also *Oklahoma Press Publishing Co. v. Walling*, supra; *NLRB v. Rohlen et. al*, 385 F. 2nd 52 (7th Cir., 1967); *NLRB v. Williams*, 396 F. 2nd 247 (7th Cir. 1968); *Cudahy Packing Co. v. NLRB*, 117 F. 2nd 692, 694 (19th Cir. 1941).

[6] *NLRB v. Williams*, 396 F. 2nd at 249.

[7] *NLRB v. ITT Telecommunications*, 415 F 2nd 768 (6th Cir., 1969)

[8] *NLRB v. C.C.C. Associates, Inc.*, 306 F. 2nd 534, 538 (2nd Cir., 1962)

When an application is filed with a District Court for an order requiring obedience to a subpoena it may inquire only to ascertain that a proceeding is pending before the Board of which is has jurisdiction and that the evidence sought relates to or touches the matter under investigation. If these facts are found to exist, it is the duty of the court to order obedience to the subpoena. The only defenses that respondent may assert in such a proceeding are that the proceeding in which the evidence is sought is not one of which the Board has jurisdiction or that the evidence does not relate to or touch the matter under consideration. It may not in such a proceeding assert its defenses in the principal case. [9]

(l)    The Board's Subpoenas are Valid and Proper and are Entitled to Enforcement by the Court:  As has been shown, the Board's subpoenas were properly issued and served upon Respondents in accordance with Section 11(4) of the Act.[10]  Moreover, the documents and testimony which is sought from Respondents is relevant and material to the Board investigation being conducted by Region 32.

(m)    The Instant Proceeding is the Only Action Available to the Board to Obtain Relevant Evidence:  The Ninth Circuit Court of Appeals has ruled that the Board must seek enforcement in the district courts for non-compliance with its subpoenas.  *N.L.R.B. v. International Medications Systems Ltd.,* 640 F. 2d 1110 (9th Cir. 1981), remanding in relevant part, 244 NLRB 861 (1979).  In that case, the employer had refused to comply with General Counsel's subpoena to produce certain records.  The Administrative Law Judge, therefore, permitted the General

---

[9] *Cudahy Packing Co. v. NLRB*, 117 F. 2nd at 694.

[10] Section 11(4) of the Act provides as follows:

Complaints, orders and other process and papers of the Board, its members, agent, or agency, may be served either personally or by certified mail or by telegraph or by leaving a copy thereof at the principal office or place of business of the person required to be served.  The verified return by the individual so serving the same setting forth the manner of such service shall be proof of the same, and the return post office receipt or telegraph receipt therefore when registered and mailed or telegraphed as aforesaid shall be proof of service of the same.  Witnesses summoned before the Board, its members, agent, or agency, shall be paid the same fees, and mileage that are paid witnesses in the courts of the United States, and witnesses whose depositions are taken and the person taking the same shall severally be entitled to the same fees as paid for like services in the courts of the United States.

1   Counsel to prove the allegations through the use of secondary evidence of the employer's policy

2   and barred the employer from rebutting this evidence. The Board sustained the Administrative

3   Law Judge's ruling. On review, however, the Court of Appeals refused to enforce the Board's

4   order, to the extent that its findings were based on secondary evidence which the employer was

5   not permitted to rebut. Viewing the Board's action as tantamount to the imposition of discovery

6   sanctions, the Court held that it was improper for the Board to impose sanctions before the

7   employer's duty to comply with the subpoena had been judicially determined. In this regard, the

8   Court explained (640 F. 2d at 1116):

9

10      'Congress has made elaborate provisions for obtaining and enforcing [NLRB]
        subpoenas,' and '[i]t was obviously its intention that this machinery be utilized.'
11      … We may not infer that Congress intended to authorize agencies to bypass
        district court enforcement proceedings. An efficient and fair enforcement
12      mechanism has been provided and was meant to be used. We therefore conclude
        that Congress granted the district courts exclusive authority to compel compliance
13      with NLRB subpoenas. (citations omitted.)

14  Because the Board failed to seek enforcement of its subpoena and because the secondary

15  evidence was essential to its findings, the Court of Appeals remanded that portion of the case for

16  "the taking of additional evidence and an opportunity to seek enforcement of the subpoenas in

17  district court." *Id.* Therefore, in light of the decision in *N.L.R.B. v. International Medications*

18  *Systems Ltd.,* supra, the only method available to the Board to determine whether a complaint is

19  warranted in the instant case -- where Respondents' testimony is essential to the Board's

20  investigation-- is to seek subpoena enforcement in this District Court. In the underlying case, the

21  documents and testimony of Respondents are necessary for the Board to exercise its

22  Congressionally enacted authority to investigate and prosecute, if necessary, unfair labor practice

23  charges.

24

25

Thus, the situation that exists herein is precisely the type of situation for which the enforcement procedures of Section 11(2) of the Act were designated. To prevent the Board's processes from being impeded by Respondents' failure, without any justification to comply with the valid subpoenas seeking documents and testimony relevant to the underlying Board investigation, an order compelling Respondents to comply with the subpoenas is necessary and appropriate.

WHEREFORE, the Applicant, National Labor Relations Board, respectfully prays:

(1)     That an order to show cause issue forthwith directing Respondent Local 521 to appear before this Court on a day certain to be fixed in this order, and that Respondent Local 521 show cause, if any there be, why an order should not issue directing Respondent Local 521's custodian of records to appear before a Board Agent designated by the Board to take evidence in Case 32-CA-23614 currently being investigated by Region 32 of the Board, at such time and place as the Board Agent may designate, and then and there produce the records and documents requested in subpoena *duces tecum* No. B-560344, described above in paragraph (e), and to give testimony and to answer any and all questions relevant and material to the subpoenaed documents relating to the proceedings before the Board;

(2)     That an order to show cause issue forthwith directing Respondents Hazard, Sermersheim, Blue and Caballero to appear before this Court on a day certain to be fixed in this order, and that said Respondents show cause, if any there be, why an order should not issue directing said Respondents to appear before a Board Agent designated by the Board to take evidence in Case 32-CA-23614 currently being investigated by Region 32 of the Board, at such time and place as the Board Agent may designate, and then and there testify and answer any and all questions relevant and material to the matters under investigation as required by subpoenas *ad*

1 | *testificandum* Nos. A-802548, A-802549, A-802550 and A-802551 described above in paragraph
2 | (e).
3 |     (3)    That upon the return of the Orders to Show Cause described above in paragraphs
4 | (1) and (2), an order issue from this Court requiring: **Respondent Local 521's** custodian of
5 | records to appear before a Board Agent designated by the Board to take evidence in Case 32-CA-
6 | 23614 currently being investigated by Region 32 of the Board, at such time and place as the
7 | Board Agent may designate, and then and there produce the records and documents requested in
8 | subpoena *duces tecum* No. B-560344 described above in paragraph (e), and to give testimony
9 | and to answer any and all questions relevant and material to the subpoenaed documents relating
10 | to the proceedings before the Board; and, **Respondents Hazard, Sermersheim, Blue and**
11 | **Caballero** to appear before a Board Agent designated by the Board to take evidence in Cases 32-
12 | CA-23614 currently being investigated by Region 32 of the Board, at such time and place as the
13 | Board Agent may designate, and then and there testify and answer any and all questions relevant
14 | and material to the matters under investigation as required by subpoenas *ad testificandum* Nos.
15 | A-802548, A-802549, A-802550 and A-802551 described above in paragraph (e).
16 |     (5)    That the Applicant, National Labor Relations Board, have such other and further
17 | relief as may be necessary and appropriate.

DATED AT Oakland, California this 30th day of May, 2008.

William A. Baudler, Regional Attorney
National Labor Relations Board
Region 32

Ronald Meisburg
General Counsel

George Velastegui
Deputy Regional Attorney

Michelle M. Smith
Attorney for Region 32

Michelle M. Smith

State of California )
County of Alameda )

William A. Baudler, being first duly sworn, deposes and says that he is Regional Attorney of the Thirty-Second Region of the National Labor Relations Board; that he has read the foregoing application and exhibits attached thereto and knows the contents thereof; that the statements therein made upon personal knowledge are true and that those made upon information and belief, he believes to be true.

WILLIAM A. BAUDLER, REGIONAL ATTORNEY

State of California )
County of Alameda )

On May 30, 2008 before me, Helen E. Devlin, Notary Public, personally appeared William A. Baudler, personally known to me be the person whose name is subscribed to in the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.



FORM EXEMPT UNDER 44 U.S.C 3512

INTERNET
FORM NLRB-501
(9-07)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 32-CA-23614 | 10-31-2007 |

**INSTRUCTIONS:**
File an original together with four copies and a copy for each additional charged party named in item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a. Name of Employer<br>Service Employees International Union Local 521 | b. Number of workers employed<br>60 |

| c. Address (Street, city, state, and ZIP code)<br>2302 Zanker Road, San Jose, CA 95131 | d. Employer Representative<br>Kristy Sermersheim | e. Telephone No.<br>408-954-8715<br>Fax No.<br>408-954-1538 |
|---|---|---|

| f. Type of Establishment(factory, mine, wholesaler, etc.)<br>Labor Union | g. Identify principal product or service<br>Labor Union |
|---|---|

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) _8(a) (3)_ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the last 6 months the above named employer has terminated Adrian Maldanado in retaliation for his protected concerted activities.

RECEIVED
NLRB REGION 32
2007 OCT 31 AM 7: 12
OAKLAND, CA

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
Theresa Y. Calderon, Treasurer Communications Workers of America Local 9423

| 4a. Address (Street and number, city, state, and ZIP code)<br>2015 Naglee Avenue, San Jose, CA 95128 | 4b. Telephone No.<br>408-278-9444<br>Fax No.<br>408-280-5942 |
|---|---|

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)
Communications Workers of America Local 9423 AFL-CIO

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _Theresa Y. Calderon_
(signature of representative or person making charge)

Theresa Y. Calderon, Treasurer
(Print/type name and title or office, if any)

Address 2015 Naglee Avenue, San Jose, CA 95128

(fax) 408-280-5942
408-278-9444
(Telephone No.)

10/30/07
(date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

COPY SENT NLRB
Date 10/31/07 By _____

Exhibit 1

1  WILLIAM A. BAUDLER
   GEORGE VELASTEGUI (California Bar No. 107847)
2  MICHELLE M. SMITH (California Bar No. 191672)
   National Labor Relations Board, Region 32
3  1301 Clay St., Suite 300N
   Oakland, CA 94612-5224
4  Phone: 510-637-3291
   Fax: 510-637-3315
5  E-mail: Michelle.Smith@nlrb.gov

6  Attorneys for the Applicant

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11
   |                                    | Case No.:
12 | NATIONAL LABOR RELATIONS BOARD     |
13 |          Applicant,                | AFFIDAVIT OF ALAN B. REICHARD,
   |                                    | REGIONAL DIRECTOR, NATIONAL
   |                                    | LABOR RELATIONS BOARD, REGION 32,
14 |      v.                            | IN SUPPORT OF APPLICATION FOR
   |                                    | ORDER REQUIRING OBEDIENCE TO
15 |                                    | SUBPOENA *DUCES TECUM* AND
   |                                    | SUBPOENAS *AD TESTIFICANDUM*
16 | SERVICE EMPLOYEES INTERNATIONAL    |
17 | UNION, LOCAL 521, VELVET HAZARD,   |
   | KRISTY SERMERSHEIM, LUISA BLUE,    |
18 | AND ELSA CABALLERO                 |
19 |          Respondents.              |

20

21         I, Alan B. Reichard, being first duly sworn, depose and declare as follows:

22         1.      I am the Regional Director of Region 32 of the National Labor Relations Board

23 (herein called the Board).

24

25

2. On or about October 31, 2007, Communications Workers of America, Local 9423 (herein called the Union) filed an unfair labor practice charge in Case 32-CA-23614 against Service Employees International Union Local 521 (herein called Local 521), alleging, *inter alia,* that Local 521 terminated employee Adrian Maldonado on account of his protected concerted activities.

3. Pursuant to the authority vested in the Regional Director as the duly designated agent of the General Counsel of the Board under Section 3(d) of the National Labor Relations Act (hereafter, "the Act"), I had an investigation conducted into the allegations raised by the above-described charge. Board Field Attorney Michelle M. Smith, under my direction, conducted the investigation.

4. On information and belief based upon experience investigating such cases, I have reason to believe that the Union is a labor organization under the Act, and Local 521 is an employer engaged in commerce within the meaning of the Act and whose operations affect commerce within the meaning of the Act. Therefore, the charge's allegations in Case 32-CA-23614 are matters over which the Board has statutory jurisdiction.

5. The Region's investigation concerns allegations that Local 521 discharged Adrian Maldonado in retaliation for his union and other protected concerted activities, thereby violating Section 8(a)(3) and (1) of the Act. Under the applicable legal framework, it must first be determined whether an employee's protected activity was a motivating factor in an employer's decision to take adverse action against that employee. *Wright Line*, 251 NLRB 1083, 1089 (1980), 1083 (1980), enfd., 662 F. 2d 899 (1st Cir. 1981), cert. denied 455 U.S. 989 (1982). If such a showing is made, the burden shifts to the employer to demonstrate that the same action

would have taken place even in the absence of the protected activity. *Id.* Here, the investigation has disclosed sufficient evidence to call into question Local 521's motive for discharging Maldonado.

Accordingly, the Region is seeking the testimony of Luisa Blue, Elsa Caballero, Velvet Hazard and Kristy Sermersheim concerning the issues raised by charge's allegations in Case 32-CA-23614. In this regard, the Region's evidence indicates that Luisa Blue and Velvet Hazard were participants in the meetings that led to Maldonado's termination and that Hazard was the Local 521 agent that notified Maldonado that he was being terminated. The Region's evidence also shows that Local 521 President Kristy Sermersheim sent an email to Union representatives, with a copy to Hazard, Blue and Elsa Caballero, explaining Local 521's purported reasons for discharging Maldonado. Moreover, the Region has evidence showing that Hazard and Caballero placed telephone calls to other Local 521 employees in which they discussed Maldonado's termination with them. Thus, the testimony of Blue, Caballero, Hazard and Sermersheim will materially aid the Region's determination of whether Maldonado was discharged for legitimate and non-discriminatory reasons, as Local 521 maintains, or whether the reasons proffered by Local 521 are pretextual, as the Charging Party maintains. If determined to be pretextual, they would both undermine Local 521's defense and reinforce the inference of a discriminatory motive behind the discharge. Thus, the testimony sought from Blue, Caballero, Hazard and Sermersheim clearly relates to the matter under investigation by the Region.

The Region is also seeking documentary evidence related to the discharge of Maldonado. The Region's subpoena *duces tecum* No. B-560344 asks for, *inter alia*: (1) Maldonado's personnel file, excluding medical records; (2) all documents pertaining to the termination of

Maldonado, and any documents considered, reviewed and/or relied upon by Local 521 in its decision to terminate Maldonado; (3) copies of employee evaluations or reviews for bargaining unit employees for the period covering March 1, 2007 to the present; (4) copies of Maldonado's employee evaluations or reviews; and (5) documents reflecting all disciplinary actions, including documented verbal warnings, written warnings, suspensions, demotions, and terminations, imposed on bargaining unit employees during the period covering March 1, 2007 to present, including records reflecting the name of the employee disciplined/terminated, the date of the disciplinary action, the reasons for the disciplinary action, and the prior disciplinary record of the employee disciplined/terminated. The information sought by the subpoena *duces tecum* clearly relates to matters under investigation, namely, whether Local 521 terminated Maldonado because of his protected concerted activity or whether it had legitimate business reasons for his termination. Documents requested in paragraphs 1 and 2 are clearly relevant to the matters at issue in this case. Also, as regards requests 3, 4 and 5, such documents are commonly used in Board investigations to establish whether or not an employer has treated the alleged discriminatee in a disparate and discriminatory fashion. Such an inquiry is particularly appropriate in this case, in light of evidence received by the Region thus far that Maldonado received a positive evaluation prior to his termination and that Local 521 has not terminated or disciplined other similarly-situated employees without stating a reason, as it did in Maldonado's case. Thus, the subpoenaed documents sought from Local 521 clearly relate to the matter under investigation by the Region.

6.     During the investigation, the Region made several requests that Local 521 provide the subpoenaed documents and make Blue, Caballero, Hazard and Sermersheim available to testify regarding Local 521's reasons for terminating Maldonado. By letter to Local 521's legal

EXHIBIT 2
AFFIDAVIT OF ALAN B. REICHARD, REGIONAL DIRECTOR, NATIONAL LABOR
RELATIONS BOARD, REGION 32, IN SUPPORT OF APPLICATION FOR
ORDER REQUIRING OBEDIENCE TO SUBPOENA *DUCES TECUM* AND SUBPOENAS *AD TESTIFICANDUM*
Page 4

counsel, Vincent Harrington, dated December 13, 2007, the Region summarized the allegations regarding Maldonado, set forth a list of information that the Region needed from Local 521 in order to conclude its investigation in these matters, and specifically requested to meet with and take sworn statements from Velvet Hazard and Kristy Sermersheim with a deadline to respond by January 4, 2008.    On January 7, 2008, Board Attorney Smith left a voicemail message for Local 521's counsel inquiring as to whether Local 521 was going to provide the requested evidence.  Local 521 failed to respond to Board Attorney Smith's written and verbal requests, and has continued to refuse to provide any evidence in response to the charge's allegations in Case 32-CA-23614, including the requested documents and testimony.  Thus, the information provided by Local 521 to date is insufficient to conclude the Region's investigation. A copy of the Region's December 13, 2007, letter is attached hereto and designated Exhibit A.

7.    Based upon the evidence obtained during the investigation, I concluded that a final decision on the merits of the charge could not be reached without the requested documents and testimony from Blue, Caballero, Hazard and Sermersheim regarding Local 521's termination of Maldonado.  I concluded that the Region's investigation must include examination of the requested documents and testimony from said witnesses regarding Local 521's reasons for terminating Maldonado.  In an effort to obtain information as to the reasons Local 521 terminated Maldonado, the Region issued an investigatory subpoena *duces tecum* to Local 521 and subpoenas *ad testificandum* to Blue, Caballero, Hazard and Sermersheim.  The subpoena *duces tecum* and subpoenas *ad testificandum* issued by the Region sought documents and testimony regarding the investigation of Case 32-CA-23614, which alleges, inter alia, that Local 521 terminated employee Maldonado because of his Union and other protected concerted activities.

8.    Local 521's custodian of records failed to appear to testify and/or to produce the subpoenaed documents and records on the dates indicated in the subpoena *duces tecum*. Also, Blue, Caballero, Hazard and Sermersheim failed to appear to testify on the dates indicated on their respective subpoenas *ad testificandum*.

9.    Local 521's custodian of records, and Blue, Caballero, Hazard and Sermersheim filed petitions with the Board on January 22, 2008 to revoke or limit their respective subpoena *duces tecum* and subpoenas *ad testificandum*, according to the procedure provided by the National Labor Relations Act and the Board's Rules and Regulations. In response to Respondents' petitions to revoke the subpoenas, Board Attorney Smith filed with the Board, on February 21, 2008, Region 32's Opposition to the Respondents' Petitions to Revoke or Limit Investigatory Subpoenas.

10.    The Board issued an Order on April 28, 2008, denying Respondents' petitions to revoke the subpoenas. The Board determined that the subpoenas seek information relevant to the matter under investigation and that Respondents failed to establish any legal basis for revoking the subpoenas.

11.    After the Board Order issued, the Region again sought Respondents' compliance with the subpoenas. Board Attorney Smith sent a letter to Respondents' legal counsel Harrington on May 1, 2008, asking for a response by May 8, 2008, regarding whether Respondents would produce the subpoenaed documents and witnesses. A copy of the Region's May 1 letter is attached hereto as Exhibit B. In addition, Board Attorney Smith left a voicemail message for Harrington on May 14 advising that if Respondents did not comply with the

subpoenas the Region would institute enforcement proceedings. Respondents have not replied to the Region's letters, the telephone messages, or complied with the subpoenas.

12. I have read the foregoing statement, understand its contents, and I swear under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED AT Oakland, California this 30th day of May, 2008.


*Alan B. Reichard*
Alan B. Reichard
Regional Director
National Labor Relations Board
Region 32

State of California    )
County of Alameda    )

Alan B. Reichard, being first duly sworn, deposes and says that he is Regional Director of the Thirty-Second Region of the National Labor Relations Board; that he has read the foregoing application and exhibits attached thereto and knows the contents thereof; that the statements therein made upon personal knowledge are true and that those made upon information and belief, he believes to be true.

*Alan B. Reichard*
ALAN B. REICHARD, REGIONAL DIRECTOR

State of California    )
County of Alameda    )

On May 30, 2008 before me, Helen E. Devlin, Notary Public, personally appeared Alan B. Reichard, personally known to me be the person whose name is subscribed to in the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

*Helen E. Devlin*

HELEN E. DEVLIN
Commission # 1693822
Notary Public - California
Alameda County
My Comm. Expires Oct 9, 2010

EXHIBIT 2
AFFIDAVIT OF ALAN B. REICHARD, REGIONAL DIRECTOR, NATIONAL LABOR
RELATIONS BOARD, REGION 32, IN SUPPORT OF APPLICATION FOR
ORDER REQUIRING OBEDIENCE TO SUBPOENA *DUCES TECUM* AND SUBPOENAS *AD TESTIFICANDUM*
Page 7



**United States Government**
**NATIONAL LABOR RELATIONS BOARD**
**Region 32**
1301 Clay Street, Room 300N
Oakland, CA 94612-5211

Telephone (510) 637-3291
Fax (510) 637-3315

December 13, 2007

Vincent A. Harrington, Jr.
Weinberg, Roger & Rosenfeld
**VIA FAX: 510-337-1023**

RE:   SEIU Local 521
      Case 32-CA-23614

Dear Mr. Harrington:

As you know, I have been assigned to investigate the above-captioned charge filed by CWA Local 9423 (CWA) on October 30, 2007, alleging that SEIU, Local 521 terminated employee Adrian Maldonado because of his Union and/or protected concerted activities in violation of Section 8(a)(1) and (3) of the Act. At this time, CWA has presented a prima facie case showing that SEIU terminated Maldonado after he requested Union representation on Friday, June 8, 2007 in a meeting with Velvet Hazard. After Maldonado informed Hazard that he wanted Union representation during a meeting with her, she became angry and told him he did not need representation and it was not an investigatory interview. Thereafter, Hazard advised Maldonado that things had changed and he would need a representative. On June 11, 2007, SEIU terminated Maldonado. Thus, CWA alleges that SEIU terminated Maldonado because he complained about working conditions and contacted the CWA for assistance.

To assist me with the investigation, I would like to take Board affidavits from Velvet Hazard, Kristy Sermersheim and Ricardo Ramirez. Please let me know SEIU's position as to whether Mr. Ramirez (lead organizer) is an agent or supervisor within the meaning of the Act so that I can determine whether I can contact him directly. In addition, please provide the following documents:

1.  The personnel file of Maldonado;

2.  All documents pertaining to the termination of Maldonado, and any documents considered, reviewed and/or relied upon by the Employer in its decision to terminate Maldonado;

Exhibit 2A

Vincent A. Harrington, Jr.
December 13, 2007
Page 2

3. Copies of employee evaluations or reviews for the period covering January 1, 2007 to present;

4. Copies of employee evaluations or reviews for Maldonado; and,

5. Documents reflecting all disciplinary actions, including documented verbal warnings, written warnings, suspensions, demotions, and terminations, imposed on employees during the period covering January 1, 2006 to present, including records reflecting the name of the employee disciplined/terminated, the date of the disciplinary action, the reasons for the disciplinary action, and the prior disciplinary record of the employee disciplined/terminated.

Please contact me upon receipt of this letter so we can make arrangements for me to take Board affidavits of the Union's witnesses. In any event, I need to receive all of the Union's evidence in this case by close of business **January 4, 2007**. Thank you in advance for your cooperation in these matters.

Sincerely,

Michelle M. Smith
Field Attorney

Exhibit A

```
     MODE = MEMORY TRANSMISSION          START=DEC-13 11:51     END=DEC-13 11:52

     FILE NO.=418

  STN    COMM.    ONE-TOUCH/   STATION NAME/TEL NO.                      PAGES     DURATION
  NO.              ABBR NO.

  001    OK       ☎            93371023                                 002/002    00:01:16


                                                      -NLRB REGION 32           -

  *******************************  -NLRB REGION 32   - ***** -     510 637 3315- **********
```



**United States Government**
**NATIONAL LABOR RELATIONS BOARD**
**Region 32**
**1301 Clay Street, Room 300N**
**Oakland, CA 94612-5211**

Telephone (510) 637-3291
Fax (510) 637-3315

December 13, 2007


Vincent A. Harrington, Jr.
Weinberg, Roger & Rosenfeld
**VIA FAX: 510-337-1023**

RE:   SEIU Local 521
      Case 32-CA-23614

Dear Mr. Harrington:

As you know, I have been assigned to investigate the above-captioned charge filed by CWA
Local 9423 (CWA) on October 30, 2007, alleging that SEIU, Local 521 terminated employee
Adrian Maldonado because of his Union and/or protected concerted activities in violation of
Section 8(a)(1) and (3) of the Act. At this time, CWA has presented a prima facie case showing
that SEIU terminated Maldonado after he requested Union representation on Friday, June 8, 2007
in a meeting with Velvet Hazard. After Maldonado informed Hazard that he wanted Union
representation during a meeting with her, she became angry and told him he did not need
representation and it was not an investigatory interview. Thereafter, Hazard advised Maldonado
that things had changed and he would need a representative. On June 11, 2007, SEIU terminated
Maldonado. Thus, CWA alleges that SEIU terminated Maldonado because he complained about
working conditions and contacted the CWA for assistance.

To assist me with the investigation, I would like to take Board affidavits from Velvet Hazard,
Kristy Sermersheim and Ricardo Ramirez. Please let me know SEIU's position as to whether
Mr. Ramirez (lead organizer) is an agent or supervisor within the meaning of the Act so that I can
determine whether I can contact him directly. In addition, please provide the following
documents:

1.   The personnel file of Maldonado;

2.   All documents pertaining to the termination of Maldonado, and any documents
     considered, reviewed and/or relied upon by the Employer in its decision to terminate
     Maldonado;



Exhibit A

 **United States Government**
**NATIONAL LABOR RELATIONS BOARD**
**Region 32**
1301 Clay Street, Room 300N
Oakland, CA  94612-5211

Telephone (510) 637-3291
Fax (510) 637-3315

May 1, 2008

Vincent A. Harrington, Jr.
Weinberg, Roger & Rosenfeld
**VIA FAX: 510-337-1023**

RE:    SEIU Local 521
          Case 32-CA-23614

Dear Mr. Harrington:

I am writing to advise that on April 28, 2008, the Board issued an order denying SEIU Local 521's petition to revoke or limit Subpoena Duces Tecum No. B-560344 and its petitions to revoke Subpoenas Ad Testificandum A-802548, A-802549, A-802550, and A-802551, which were issued for the purposes of investigation of the above-captioned matter alleging that Local 521 terminated Adrian Maldonado in violation of Section 8(a)(1) and (3) of the Act.  I have attached for your convenience copies of the above-referenced outstanding subpoenas and the Board's April 28, 2008 Order.

Please contact me upon receipt of this letter, but no later than close of business **May 8, 2008**, to advise as to whether your client plans to comply with the Board order.  Thank you in advance for your cooperation in these matters.

Sincerely,

Michelle M. Smith
Field Attorney

Exhibit 2B



**United States Government**
**NATIONAL LABOR RELATIONS BOARD**
**Region 32**
**1301 Clay Street, Room 300N**
**Oakland, CA  94612-5211**

Telephone (510) 637-3291
Fax (510) 637-3315

May 1, 2008

Vincent A. Harrington, Jr.
Weinberg, Roger & Rosenfeld
**VIA FAX: 510-337-1023**

RE:    SEIU Local 521
       Case 32-CA-23614

Dear Mr. Harrington:

I am writing to advise that on April 28, 2008, the Board issued an order denying SEIU Local 521's petition to revoke or limit Subpoena Duces Tecum No. B-560344 and its petitions to revoke Subpoenas Ad Testificandum A-802548, A-802549, A-802550, and A-802551, which were issued for the purposes of investigation of the above-captioned matter alleging that Local 521 terminated Adrian Maldonado in violation of Section 8(a)(1) and (3) of the Act.  I have attached for your convenience copies of the above-referenced outstanding subpoenas and the Board's April 28, 2008 Order.

Please contact me upon receipt of this letter, but no later than close of business **May 8, 2008**, to advise as to whether your client plans to comply with the Board order.  Thank you in advance for your cooperation in these matters.

Sincerely,

Michelle M. Smith
Field Attorney

Exhibit 2B

```
MODE = MEMORY TRANSMISSION          START=MAY-01 11:34   END=MAY-01 11:36

FILE NO.=763

STN    COMM.    ONE-TOUCH/    STATION NAME/TEL. NO.              PAGES    DURATION
NO.             ABBR NO.

001    OK       ☎            93371023                          008/008  00:02:04
```

                                        -NLRB REGION 32         -

******************************** -NLRB REGION 32   - ***** -   510 637 3315- ********



**United States Government**
**NATIONAL LABOR RELATIONS BOARD**
**Region 32**
1301 Clay Street, Room 300N
Oakland, CA 94612-5211

                                        Telephone (510) 637-3291
                                              Fax (510) 637-3315

May 1, 2008


Vincent A. Harrington, Jr.
Weinberg, Roger & Rosenfeld
**VIA FAX: 510-337-1023**

RE:    SEIU Local 521
       Case 32-CA-23614

Dear Mr. Harrington:

I am writing to advise that on April 28, 2008, the Board issued an order denying SEIU Local 521's petition to revoke or limit Subpoena Duces Tecum No. B-560344 and its petitions to revoke Subpoenas Ad Testificandum A-802548, A-802549, A-802550, and A-802551, which were issued for the purposes of investigation of the above-captioned matter alleging that Local 521 terminated Adrian Maldonado in violation of Section 8(a)(1) and (3) of the Act. I have attached for your convenience copies of the above-referenced outstanding subpoenas and the Board's April 28, 2008 Order.

Please contact me upon receipt of this letter, but no later than close of business **May 8, 2008**, to advise as to whether your client plans to comply with the Board order. Thank you in advance for your cooperation in these matters.

Sincerely,

Michelle M. Smith
Field Attorney

Exhibit 23

## SUBPOENA DUCES TECUM

### UNITED STATES OF AMERICA
### NATIONAL LABOR RELATIONS BOARD

Attn: Custodian of Records
To  SEIU, Local 521

2302 Zanker Road, San Jose, CA 95131

As requested by  Michelle M. Smith, A Board Agent

whose address is  1301 Clay Street, Suite 300N, Oakland, CA 94612-5224

| (Street) | (City) | (State) | (ZIP) |

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE , and give a Sworn Board Affidavit

to a Board Agent ———————————————— of the National Labor Relations Board

at  the Oakland Regional Office, 1301 Clay Street, Suite 300N

in the City of  Oakland

on the  28th  day of  January  20 08  at 9 : 00  (a.m.) ~~(p.m.)~~ or any adjourned

or rescheduled date to ~~testify in~~ give a Sworn Board Affidavit in SEIU, Local 521

32-CA-23614

(Case Name and Number)

And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:

SEE ATTACHED

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

**B- 560344**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at  Oakland, CA

this 14th day of  January  20 08

*Lester A. Heltzer*

**NOTICE TO WITNESS.** Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

Exhibit 3(a)

ATTACHMENT

DEFINITIONS AND INSTRUCTIONS:

1. As used herein, the term "document" means any written, recorded or graphic matter, or matter existing on computer software or hardware, whether previously erased or not, including but not limited to memoranda, notes, minutes, business records, telephone contacts, correspondence, telegrams, diaries, bookkeeping entries, receipts, work orders, contracts, financial statements, tax returns, checks, check stubs, reports, records, summaries, lists, charts, compilations, graphs, statements, notebooks, handwritten notes, applications, agreements, files, addenda, books, pamphlets, periodicals, appointment calendars, recordings of oral conversations, voice mail messages and electronic mail.

2. "Any," "each," and "all" shall be read to be all inclusive and to require the production of each and every document responsive to the request in which such terms appear.

3. "And" and "or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively, so as to make the request inclusive rather than exclusive, and to require the enumeration of all information responsive to all or any part of each request in which any conjunction or disjunction appears.

4. Whenever used herein, the singular shall be deemed to include the plural, and vice versa; the present tense shall be deemed to include the past tense and vice versa; the masculine shall be deemed to include the feminine and vice versa.

5. The term "person" means any natural person, corporation, partnership, proprietorship, association, organization, trust, joint venture, or group of natural persons or other organizations.

6. The terms "copy" or "copies" shall refer to exact and complete copies of original documents.

7. Copies may be produced in lieu of originals, provided that such copies are exact and complete copies of original documents and that the original documents be made available at the time of production for the purposes of verifying the accuracy of such copies. Any copies of original documents which are different in any way from the original, whether by interlineation, receipt, stamp, notations, indication of copies sent or received, or otherwise, shall themselves be considered original documents and must be produced separately from the originals or copies of originals.

8. Documents subpoenaed shall include all documents in your physical possession, custody, or control, your present or former supervisors, agents, attorneys,

Exhibit 3(a)

SEIU, Local 521
Case 32-CA-23614
Page 2

accountants, advisors, investigators, and any other persons and companies directly or indirectly employed by, or connected with you.

9.     This request contemplates production of responsive documents in their entirety, without abbreviation or expurgation.

10.     If any document responsive to any request herein was withheld from production on the asserted ground that it is privileged, identify and describe:

   (a)     the privilege claimed;
   (b)     the author;
   (c)     the recipient;
   (d)     the date of the original document;
   (e)     the subject matter of the document.

11.     If any document responsive to any request herein was, but no longer is, in your possession, custody or control, identify the document (stating its date, author, subject, recipients and intended recipients); explain the circumstances by which the document ceased to be in your possession, custody or control, and identify (stating the person's name, employer title, business address and telephone number, and home address and telephone number) all persons known or believed to have the document or a copy thereof in their possession, custody or control.

12.     If any document responsive to any request herein was destroyed, discarded, or otherwise disposed of for whatever reasons, identify the document (stating its date, author, addressee(s), receipts and intended recipients, title and subject matter); explain the circumstances surrounding the destruction, discarding or disposal of the documents, including the timing of the destruction, discharging or disposal of the document, and identify all persons known or believed to have the document or a copy thereof in their possession, custody or control.

13.     All documents produced pursuant to this subpoena should be organized by the subpoena paragraph that each document or set of documents is responsive to, and labels referring to that subpoena paragraph should be affixed to each document or set of documents.

14.     This request is continuing in character and if additional responsive documents come to your attention following the date of production, such documents must be promptly produced.

15.     For the purpose of reducing delay and expense, an agent of the National Labor Relations Board will be available to meet with you, or your designated or legal representative, at a mutually agreed-upon time and place, prior to the return date of the subpoena, for the purpose of examining and/or copying the documents subpoenaed, and/or to enter into stipulations concerning the contents of the subpoenaed documents.

Exhibit 3 (a)

SEIU, Local 521
Case 32-CA-23614
Page 3

16. Any custodian of records of any entity subpoenaed shall be one or more designated agents with knowledge sufficient to testify in detail concerning the contents of documents to be produced.

17. The term "bargaining unit employees" as referenced herein refers to all SEIU, Local 521 bargaining unit employees described in Article 1 and Appendix A in the collective bargaining agreement between SEIU Local 521 and Communications Workers of America, AFL-CIO with effective dates of March 1, 2007 through February 28, 2010, and to the extent not covered by the collective bargaining agreement, field representatives and organizers employed by SEIU Local 521.

## DOCUMENTS TO BE PRODUCED:

1. The personnel file of employee Adrian Maldonado, excluding medical records.

2. All documents pertaining to the termination of employee Adrian Maldonado, and any documents considered, reviewed and/or relied upon by SEIU, Local 521 in its decision to terminate Maldonado.

3. Copies of employee evaluations or reviews for bargaining unit employees for the period covering March 1, 2007 to present.

4. Copies of employee evaluations or reviews for Adrian Maldonado.

5. Documents reflecting all disciplinary actions, including documented verbal warnings, written warnings, suspensions, demotions, and terminations, imposed on bargaining unit employees during the period covering March 1, 2007 to present, including records reflecting the name of the employee disciplined/terminated, the date of the disciplinary action, the reasons for the disciplinary action, and the prior disciplinary record of the employee disciplined/terminated.

Exhibit 3(a)

# UNITED STATES OF AMERICA
## NATIONAL LABOR RELATIONS BOARD

To **Velvet Hazard**

**SEIU, Local 521, 2302 Zanker Road, San Jose, CA 95131**

As requested by **Michelle M. Smith, A Board Agent of the**

**National Labor Relations Board Region 32**

whose address is **1301 Clay Street, Suite 300N, Oakland, CA 94612-5224**

(Street)          (City)          (State)          (ZIP)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE , **and give a Sworn Board Affidavit**

**to a Board Agent**          of the National Labor Relations Board

at **the Oakland Regional Office, 1301 Clay Street, Suite 300N**

in the City of          **Oakland**

on the **28th** day of **January** 20 **08** at **9:00** (a.m.)(p.m.) or any adjourned

or rescheduled date to testify in **give a Sworn Board Affidavit in SEIU, Local 521**

(Case Name and Number)

**32-CA-23614**

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

**A - 802548**

Issued at **Oakland, CA**

this **14th** day of **January** 20 **08**

*Lester A. Heltzer*

**NOTICE TO WITNESS.** Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

Exhibit 3(b)

# SUBPOENA

## UNITED STATES OF AMERICA
## NATIONAL LABOR RELATIONS BOARD

To  **Kristy Sermersheim**

**SEIU, Local 521, 2302 Zanker Road, San Jose, CA 95131**

As requested by  **Michelle M. Smith, A Board Agent of the**

**National Labor Relations Board Region 32**

whose address is  **1301 Clay Street, Suite 300N, Oakland, CA 94612-5224**

| (Street) | (City) | (State) | (ZIP) |

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE , **and give a Sworn Board Affidavit**

**to a Board Agent** _____ of the  National Labor Relations Board

at  **the Oakland Regional Office, 1301 Clay Street, Suite 300N**

in the City of  **Oakland**

on the  **28th**  day of  **January**  20 **08** at **9:00** (a.m.) ~~(p.m.)~~ or any adjourned

or rescheduled date to ~~testify~~ **give a Sworn Board Affidavit in SEIU, Local 521**

(Case Name and Number)

**32-CA-23614**

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

**A - 802549**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at  **Oakland, CA**

this **14th**  day of  **January**  20 **08**

*Lester A. Heltzer*

**NOTICE TO WITNESS.** Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

## PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

Exhibit 3(c)

FORM NLRB-32
(12-07)

**SUBPOENA**

# UNITED STATES OF AMERICA
## NATIONAL LABOR RELATIONS BOARD

To **Luisa Blue**

**SEIU, Local 521, 2302 Zanker Road, San Jose, CA 95131**

As requested by **Michelle M. Smith, A Board Agent of the**

**National Labor Relations Board, Region 32**

whose address is **1301 Clay Street, Suite 300N, Oakland, CA 94612-5224**

         (Street)            (City)           (State)      (ZIP)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE **, and give a Sworn Board Affidavit**

**to a Board Agent** of the National Labor Relations Board

at **the Oakland Regional Office, 1301 Clay Street, Suite 300N**

in the City of **Oakland**

on the **28th** day of **January** 20 **08** at **9:00** (a.m. ~~p.m.~~) or any adjourned

or rescheduled date to ~~testify in~~ **give a Sworn Board Affidavit in SEIU, Local 521**

(Case Name and Number)

**32-CA-23614**

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

**A - 802550**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at **Oakland**

this **14th** day of **January** 20 **08**

*Lester A. Heltzer*

**NOTICE TO WITNESS.** Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

Exhibit 3 (d)

FORM NLRB-32
(12-07)

# SUBPOENA

## UNITED STATES OF AMERICA
## NATIONAL LABOR RELATIONS BOARD

To **Elsa Caballero**

**SEIU, Local 521, 2302 Zanker Road, San Jose, CA 95131**

As requested by **Michelle M. Smith, A Board Agent of the**

**National Labor Relations Board, Region 32**

whose address is **1301 Clay Street, Suite 300N, Oakland, CA 94612-5224**

| (Street) | (City) | (State) | (ZIP) |

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE **, and give a Sworn Board Affidavit**

**to a Board Agent** _____ of the National Labor Relations Board

at **the Oakland Regional Office, 1301 Clay Street, Suite 300N**

in the City of **Oakland**

on the **28th** day of **January** 20 **08** at **9 : 00** (a.m.)XXXX or any adjourned

or rescheduled date XXXXXX **give a Sworn Board Affidavit in SEIU Local 521**

(Case Name and Number)

**32-CA-23614**

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

**A - 802551**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at **Oakland, CA**

this **14th** day of **January** 20 **08**

*Lester A. Heltzer* (signature)

**NOTICE TO WITNESS.** Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq*. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

Exhibit 3(e)

*Michelle*

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. *Smith*

1. Article Addressed to:

SEIU, Local 521
ATTN: Custodian of Records
2302 Zanker Road
San Jose, CA 95131

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☒ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
1-15-08

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☒ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7001 2510 0007 6033 6160

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

Exhibit 4(c)

Michelle

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. *Smith* | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (*Printed Name*)    C. Date of Delivery<br>1-8-08 |
| 1. Article Addressed to:<br><br>**Velvet Hazard**<br>**SEIU, Local 521**<br>**2302 Zanker Road**<br>**San Jose, CA 95131** | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☒ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☒ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. |
| | 4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |

| 2. Article Number<br>(*Transfer from service label*) | 7001 2510 0007 6033 3534 |
|---|---|

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

Exhibit 4(b)

Michelle

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*Smith*

1. Article Addressed to:

   **Kristy Sermersheim**
   **SEIU, Local 521**
   **2302 Zanker Road**
   **San Jose, CA  95131**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☒ Agent  ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

1-15-08

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:  ☒ No

   JAN 15

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)       7001 2510 0007 6033 3572

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-15-

Exhibit 4(c)

Michelle

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.  Smith

1. Article Addressed to:

**Luisa Blue**
**SEIU, Local 521**
**2302 Zanker Road**
**San Jose, CA  95131**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☒ Agent
                      ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                   1-15-08

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☒ No

JAN 15 2008

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7001 2510 0007 6033 3565

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Exhibit 4(d)

Michelle

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. Smith | A. Signature <br> X _____ ☒ Agent ☐ Addressee <br> B. Received by ( *Printed Name*)    C. Date of Delivery <br> 1-15-08 |
| 1. Article Addressed to: <br><br> **Elsa Caballero** <br> **SEIU, Local 521** <br> **2302 Zanker Road** <br> **San Jose, CA 95131** | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☒ No <br><br> JAN 15 2008 |

3. Service Type
- ☒ Certified Mail  ☐ Express Mail
- ☐ Registered  ☒ Return Receipt for Merchandise
- ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)  ☐ Yes

2. Article Number  
*(Transfer from service label)*     7001 2510 0007 6033 6207

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Exhibit 4(e)

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD

SEIU, LOCAL 521

**and**                                          Case 32-CA-23614

COMMUNICATIONS WORKERS OF
AMERICA, LOCAL 9423, AFL-CIO

ORDER[1]

The Employer's petition to revoke or limit Subpoena

Duces Tecum No. B-560344 and its petitions to revoke

Subpoenas Ad Testificandum A-802548, A-802549, A-802550,

and A-802551 are denied.  The subpoenas seek information

relevant to the matter under investigation and describe

with sufficient particularity the evidence sought, as

required by Section 11(1) of the Act and Section 102.31(b)

of the Board's Rules and Regulations.

Further, the Employer has failed to establish any

legal basis for revoking the subpoenas.  See generally *NLRB*

*v. North Bay Plumbing, Inc.*, 102 F.3d 1005 (9th Cir. 1996);

---

[1] Effective midnight December 28, 2007, Members Liebman,
Schaumber, Kirsanow, and Walsh delegated to Members
Liebman, Schaumber, and Kirsanow, as a three-member group,
all of the Board's powers in anticipation of the expiration
of the terms of Members Kirsanow and Walsh on December 31,
2007.  Pursuant to this delegation, Chairman Schaumber and
Member Liebman constitute a quorum of the three-member
group.  As a quorum, they have the authority to issue
decisions and orders in unfair labor practice and
representation cases.  See Sec. 3(b) of the Act.

Exhibit 5

*NLRB v. Carolina Food Processors, Inc.*, 81 F.3d 507 (4th Cir. 1996).

Dated, Washington, D.C., April 28, 2008.

PETER C. SCHAUMBER,     CHAIRMAN

WILMA B. LIEBMAN,     MEMBER



RECEIVED
NLRB REGION 32
2008 APR 30 PM 2: 43
OAKLAND, CA

Exhibit 5