1  VINCENT A. HARRINGTON, JR., Bar No. 071119
   ANDREA LAIACONA, Bar No. 208742
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  1001 Marina Village Parkway, Suite 200
   Alameda, California 94501-1091
4  Telephone 510.337.1001
   Fax 510.337.1023
5
   Attorneys for Respondents
6  Service Employees International Union, Local 521, et al.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  NATIONAL LABOR RELATIONS BOARD    ) Case No.:  08-80119 SBA
                                      )
12              Applicant,            )
                                      ) **RESPONDENTS' ANSWER TO**
13         v.                         ) **ORDER TO SHOW CAUSE;**
                                      ) **Memorandum Of Points And**
14  SERVICE EMPLOYEES INTERNATIONAL   ) **Authorities In Support**
    UNION, LOCAL 521, VELVET HAZARD,  )
15  KRISTY SERMERSHEIM, LUISA BLUE,   )
    AND ELSA CABALLERO,               )
16                                    )
                Respondents.          )
17  _____ )

18                    I.    **INTRODUCTION**

19        This Answer challenges the National Labor Relations Board's ("NLRB" or "Region")

20  administrative "investigative" subpoenas ad testificandum issued during an investigation of an

21  unfair labor practice charge filed against Service Employees International Union, Local 521

22  ("Local 521").

23        Local 521 agrees to comply in full with the NLRB's subpoenas duces tecum, issued in

24  connection with the same investigation, by providing the NLRB with all the documents it seeks,

25  should such documents exist.  Local 521 further agrees that Velvet Hazard ("Hazard"), Organizing

26  Director of the Union, will provide the NLRB an affidavit regarding the events surrounding

27  probationary employee Adrian Maldonado's ("Maldonado") termination.

28        The remainder of the subpoenas ad testificandum are overbroad, burdensome, oppressive,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Memorandum of Points and Authorities in Support of Respondents' Answer to OSC, Case No. 08-80119 SBA

1   unnecessary and unrelated to the only charge in this matter – Local 521's non-discriminatory

2   rejection of Maldonado within the probationary period.

3   ## II.   STATEMENT OF FACTS

4   On or about October 31, 2007, Communication Workers of America, Local 9423 filed an

5   unfair labor practice charge with Region 32 of the NLRB (Case 32-CA-23614) against Local 521,

6   alleging that Local 521 terminated probationary employee Maldonado on account of his protected

7   concerted activity.

8   The Region subsequently initiated an investigation of the charge and issued a subpoena

9   duces tecum to Local 521's custodian of records, as well as four subpoenas ad testificandum to

10  Hazard, Luisa Blue ("Blue"), Assistant to the President of the Union, Elsa Caballero ("Caballero"),

11  Worksite Organizer of the Union, and Kristy Sermersheim ("Sermersheim"), the President of the

12  Union.

13  On or around January 22, 2008, Local 521 filed Petitions to Revoke the subpoenas on the

14  grounds that the subpoenas were, *inter alia*, burdensome and oppressive, and sought information

15  that was irrelevant, immaterial, privileged, or subject to CWA's members' privacy rights.

16  On or around April 28, 2008, the NLRB denied Respondents' petitions to revoke the

17  subpoenas.

18  On or around May 30, 2008, the NLRB filed an application for Order Requiring Obedience

19  to Subpoenas Duces Tecum and Ad Testificandum.

20  On July 2, 2008, this Court issued an Order to Show Cause.

21  The NLRB did not serve the Order to Show Cause on Respondents, requiring the NLRB to

22  seek a revised Order to Show Cause setting forth a new briefing schedule and hearing date.

23  On July 30, 2008, this Court issued a revised Order to Show Cause, setting the hearing date

24  for September 23, 2008.

25  Following the Court's issuance of the revised Order to Show Cause, Local 521 engaged in

26  extensive good-faith efforts to cooperate with the NLRB's investigation.  On August 14, 2008,

27  Local 521 agreed to comply with the subpoenas duces tecum by providing all responsive

28  documents that exist, if any.  On that same date, Local 521 agreed that Hazard will prepare and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

Memorandum of Points and Authorities in Support of Respondents' Answer to OSC, Case No. 08-80119 SBA

1   submit an affidavit to the NLRB.  Local 521 declined to agree to the same for Blue, Caballero or

2   Sermersheim because the three individuals took no part in the decision to terminate Maldonado,

3   they lack personal knowledge regarding the grounds for Maldonado's termination, and they would

4   be able to provide only redundant and duplicative second-hand information, at best.  Moreover, the

5   NLRB has made no showing of any kind that this testimony is necessary for its investigation.

6                                            **III.   ARGUMENT**

7   **A.     THE NLRB HAS NOT DEMONSTRATED THAT BLUE, CABALLERO OR
            SERMERSHEIM'S TESTIMONY IS RELEVANT OR MATERIAL TO ITS**
8           **INVESTIGATION**

9           Respondents are aware that the scope of a court's inquiry is narrow in proceedings where

10  an agency seeks enforcement of a subpoena.  *NLRB v. North Bay Plumbing, Inc.,* 102 F.3d 1005,

11  1007 (9th Cir.1996).  However, the function of the court is not confined solely to the questions of

12  whether the subpoena was regularly issued and duly served in accordance with the NLRB's

13  statutory power or whether there has been a refusal to obey.  *Goodyear Tire & Rubber Co. v.*

14  *NLRB,* 122 F.2d 450, 453 (C.C.A. 10th Cir. 1941).  The critical questions before the Court are (1)

15  whether Congress granted the authority to investigate; (2) whether procedural requirements have

16  been followed; and (3) whether the evidence is relevant and material to the investigation.  *Id.*

17          This Court should decline to enforce the subpoenas ad testificandum issued to Blue,

18  Caballero and Sermersheim because the NLRB has not satisfied the third *Goodyear Tire*

19  requirement.  The NLRB has not demonstrated that Blue, Caballero, or Sermersheim's testimony

20  will materially aid the NLRB in the investigation of the charge.

21          The Region proffered no evidence of consequential weight demonstrating that the

22  testimony of Blue, Caballero, or Sermersheim is necessary for an appropriate investigation of this

23  charge.  The "evidence" that the Region purports provides the basis for the subpoenas ad

24  testificandum is a flimsy reed on which the Region rests its entire claim of relevance and

25  materiality.   Regional Director Reichard ("Reichard") attested that the Board's "evidence

26  indicates" that 1) Blue and Hazard were participants in the meetings that led to Maldonado's

27  termination and that Hazard was the Local 521 agent that informed Maldonado that he was being

28  terminated, 2) Sermersheim sent an email to Union representatives with a copy to Hazard, Blue

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -
Memorandum of Points and Authorities in Support of Respondents' Answer to OSC, Case No. 08-80119 SBA

and Caballero, explaining Local 521's purported reasons for discharging Maldonado, and 3)

Hazard and Caballero placed telephone calls to other Local 521 employees in which they discussed

Maldonado's termination with them.  (See Declaration of Alan B. Reichard, Regional Director, In

Support Of Application For Order Requiring Obedience To Subpoenas, page 3, lines 4-21.)

According to Reichard's Declaration, Hazard has personal knowledge regarding each of the three

categories of "evidence" referenced.  This suggests that the affidavit Hazard intends to submit will

be more than adequate for the NLRB to determine that the termination of probationary employee

Maldonado was neither discriminatory nor pretextual.  Any information Blue, Caballero, or

Sermersheim possesses regarding Maldonado's termination would simply duplicate that to which

Hazard will attest in her affidavit.

If, after receiving the subpoenaed documents and Hazard's affidavit, the NLRB concludes

that it is necessary to elicit testimony from Blue, Caballero, or Sermersheim, the NLRB could issue

new subpoenas ad testificandum at that time.

**B.     THE SUBPOENAS ARE OVERBROAD, UNDULY BURDENSOME, AND WILL
         SERIOUSLY HINDER LOCAL 521'S NORMAL BUSINESS OPERATIONS**

Even if the agency is able to establish the three factors set forth in *Goodyear Tire & Rubber*

*Co.*, the Court will decline to enforce the subpoenas if they are unreasonable in that they are

overbroad or unduly burdensome.  (*See EEOC v. Med-National, Inc.* 186 F.R.D. 609 (D.Hawai'i

1999) (ruling that even if an agency can demonstrate that it has the authority to investigate, that it

has followed the proper procedural requirements, and that the evidence it seeks to obtain is relevant

and material to the investigation, an administrative subpoena will not be enforced if it is too

indefinite, overbroad, or unduly burdensome).)

Compliance with the three subpoenas ad testificandum should be excused in this instance

because they are overbroad, unduly burdensome, and will threaten to seriously hinder the normal

business operations of SEIU Local 521.  The subpoena of Blue, Caballero, or Sermersheim has the

purpose or the effect of interfering with Local 521's day to day operation, imposing costs,

expenses, and burdens upon Local 521, unrelated in any reasonable way to the charge under

investigation.  Local 521's jurisdiction extends from San Mateo County to Inyo County and from

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Memorandum of Points and Authorities in Support of Respondents' Answer to OSC, Case No. 08-80119 SBA

1   Alpine County to Kern County.  Local 521 represents over 45,600 members.  The three

2   subpoenaed individuals – Blue, Caballero, and Sermersheim – are policy-level decision makers.

3   The Board's effort to drag them in to its office to testify, on the mere hunch that they possess

4   worthwhile information, is burdensome and oppressive and should not be permitted.

5                                    **IV.  CONCLUSION**

6           By exceeding its subpoena power, the NLRB seeks to have Local 1021 redirect its limited

7   resources away from representation of its membership and toward time-consuming administrative

8   rigmarole.  Local 521 respectfully requests that this Court decline to order Blue, Caballero, and

9   Sermersheim to appear before to the NLRB to answer questions regarding a decision they were not

10  involved in and about which they lack personal knowledge or possess only duplicative information.

11  Local 521 will produce documents responsive to the subpoena duces tecum and will submit the

12  affidavit of Hazard to respond to the subpoena ad testificandum.  This will provide the NLRB with

13  more than sufficient information to carry out its investigation.

14  Dated:  August 19, 2008

15                                          WEINBERG, ROGER & ROSENFELD
                                            A Professional Corporation
16

17                                          By:       /s/
                                               VINCENT A. HARRINGTON, JR.
18                                             Attorneys for Respondents

19  119327/503001

20

21

22

23

24

25

26

27

28

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 5 -