WILLIAM A. BAUDLER
GEORGE VELASTEGUI (California Bar No. 107847)
MICHELLE M. SMITH (California Bar No. 191672)
National Labor Relations Board, Region 32
1301 Clay St., Suite 300N
Oakland, CA 94612-5224
Phone: 510-637-3291
Fax: 510-637-3315
E-mail: Michelle.Smith@nlrb.gov

Attorneys for the Applicant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD<br><br>Applicant,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 521, VELVET HAZARD, KRISTY SERMERSHEIM, LUISA BLUE, AND ELSA CABALLERO<br><br>Respondents. | Case No.: MISC 08-80119 SBA<br><br>APPLICANT'S REPLY TO RESPONDENTS' ANSWER TO ORDER TO SHOW CAUSE<br><br>Date:    September 23, 2008<br>Time:    1 p.m.<br>Judge:   Hon. Sandra B. Armstrong<br>Courtroom: 3 |

**I. Introduction**

This proceeding is before the Court on an Application for an Order Requiring Obedience to *Subpoena Duces Tecum* and *Subpoenas Ad Testificandum* issued by the National Labor Relations Board, hereinafter called the Board, pursuant to the provisions of Section 11(2) of the National Labor Relations Act, as amended, hereinafter called the Act. Respondent Service

…

Employees International Union, Local 521 (Respondent Local 521), and Respondents Velvet Hazard, Kristy Sermersheim, Luisa Blue and Elsa Caballero filed an Answer to the Application and a Memorandum of Points and Authorities in support of its Answer on August 19, 2008.

As explained in its Application, Applicant, a federal administrative agency, issued the subpoenas at issue in these matters as part of its investigation of an unfair labor practice charge alleging that Respondent Local 521 terminated employee Adrian Maldonado because of his union and/or other protected concerted activities in violation of the Act. In the process of its investigation of the unfair labor practice charge, Applicant made several requests that Respondent Local 521 voluntarily provide documentary evidence, and make Respondents Hazard, Sermersheim, Blue and Caballero available to testify, regarding Respondent Local 521's reasons for terminating Maldonado. Respondent Local 521 and Respondents Hazard, Sermersheim, Blue and Caballero failed to provide any of the requested evidence and, thereafter, Applicant issued the investigative subpoenas at issue in the instant proceedings. Although Respondent Local 521 and Respondent Hazard have indicated in their Answer to the Court that they will comply with the subpoenas duces tecum and ad testificandum issued to them, respectively, Respondents Sermersheim, Blue and Caballero (hereinafter referred to as Respondents) continue to refuse to comply with the outstanding subpoenas ad testificandum issued to them. Thus, Applicant hereby files this Reply to Respondents' Answer and supporting Memorandum.

Respondents oppose the Board's Application and argue that the Court should not enforce the subpoenas because they claim the subpoenas are overbroad, burdensome, oppressive, unnecessary and unrelated to the Board's investigation in these matters – whether or not

employee Adrian Maldonado was terminated on June 11, 2007, because of his union and/or other protected concerted activity. As detailed below, none of these arguments have merit.

## II. Respondents Have No Justification For Failing To Comply With the Board's Subpoenas and the Subpoenas Should be Enforced

Congress has granted the Board, as part of its broad investigatory powers under Section 11(1) of the Act, the authority to issue investigative subpoenas in aid of pre-complaint investigations related to unfair labor practices and district courts should enforce the Board's subpoenas if statutory procedures are observed, and the information sought is relevant to an investigation being conducted by the Board and is described with sufficient particularity.[1] The Board has observed all statutory procedures in issuing the subpoenas and, as detailed in the Board's Application, the Regional Director has determined that investigatory subpoenas are needed in order to obtain sufficient information to execute the Board's duties to investigate and resolve the alleged unfair labor practices now pending before the Board. Respondents' disagreement with the Regional Director's determination that the investigatory subpoenas issued in this matter are necessary and proper for a full and complete investigation of the unfair labor practice charges is not a valid basis for refusing to comply with those subpoenas and, as detailed below, the blanket, unsupported objections set forth in Respondents' Answer offer no legal grounds to deny enforcement of the Board's subpoenas.

---

[1] See *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1007-08 (9th Cir. 1996); *NLRB v. Frazier*, 966 F.2d 812, 815 (3d Cir. 1992) (citing *United States v. Powell*, 379 U.S. 48, 57-58, 85 (1964)); *NLRB v. International Medication Systems*, 640 F.2d 1110, 1114 (9th Cir. 1981), cert. denied, 455 U.S. 1017 (1982); *NLRB v. Dutch Boy, Inc.*, 606 F.2d 929, 932 (10th Cir. 1979).

**(a)   Respondents have failed to establish that the subpoenas are irrelevant or immaterial to the Board's investigation in these matters.**

Respondents claim that the subpoenas are unnecessary or unrelated to the Board's investigation because "they lack personal knowledge regarding the grounds for Maldonado's termination." However, Respondents do not dispute that Respondents Blue and Hazard were participants in the meetings that led to Maldonado's termination, that Respondent Sermersheim sent the email to Respondent Local 521's representatives with a copy to Respondents Hazard, Blue and Caballero, explaining the purported reasons for terminating Maldonado, or that Respondent Caballero (and Respondent Velvet Hazard) placed telephone calls to employees in which they discussed Maldonado's termination. As such, Respondents' claim that Respondents lack personal knowledge regarding the grounds for Maldonado's termination is unavailing, and their objections to the subpoenas on the grounds that they are not relevant or material to the investigation are clearly without merit and should be rejected.

Similarly, Respondents' claim that their testimony may to some extent overlap the testimony of Respondent Hazard is not a basis to deny Applicant's Application for an Order Requiring Obedience to the Subpoenas Ad Testificandum. In this regard, Respondents propose that the Board could, at a later date, issue new subpoenas to cover relevant information not provided by Hazard. However, Respondents cite no legal precedent for this proposition, and conducting an investigation in such a piecemeal fashion would unduly impede the Board's investigation of these matters, which has already been prolonged by Respondents' resistance to the Board's attempts to obtain relevant evidence. It is only because of this proceeding that Respondent Local 521 and Respondent Hazard have finally agreed to comply with the subpoenas issued to them, and the Board should not have to face the possibility of initiating another such proceeding, particularly given that the alleged discriminatee in this case was terminated over a year ago.

Sec. 11(1) of the Act grants the Board broad investigatory authority, including the power to subpoena any evidence "that relates to *any* matter under investigation or in question." 29 U.S.C. §161(1); *See NLRB v. Interstate Material Corp.*, 93056 F.2d 4, 6 (7th Cir. 1991). The relevancy standard is liberally construed and Courts have remarked that subpoenaed information that touches or relates to a matter under investigation is relevant[2] and that information is relevant if it is "not plainly incompetent or irrelevant to any lawful purpose."[3] The information sought by the subpoenas clearly relates to a matter under investigation, namely whether or not employee Adrian Maldonado was terminated on June 11, 2007, because of his union and/or other protected concerted activity, or whether Respondent Local 521 had a legitimate business justification for terminating Maldonado. Respondents were all directly or indirectly involved in Respondent Local 521's decision to terminate Maldonado. As such, the subpoenas are a proper application of the broad investigatory authority granted to the Board in Section 11(1) of the Act.

**(b)   Respondents have failed to establish that the subpoenas are overbroad, or unduly burdensome such that they would seriously disrupt their normal business operations.**

Respondents' unsupported claims that the Board's subpoenas are overbroad, unduly burdensome, and will threaten to seriously hinder their normal business operations, are also without merit. As the party resisting compliance, Respondents bear the burden to demonstrate that compliance would require undue burden. *See FDIC v. Garner*, 126 F.3d 1138, 1145 (9th Cir. 1997) (citing *United States v. Stuart*, 489 U.S. 353, 360 (1989)). The courts have made clear

---

[2]   See *NLRB v. Q-T Shoe Manufacturing Co.*, 409 F.2d 1247, 1253 (3d Cir. 1969); See Also *Goodyear Tire & Rubber Co. v. NLRB*, 122 F.2d 450, 452-53 (6th Cir. 1941); *NLRB v. G.H.R. Energy Corp.*, 707 F.2d 304, 313 (5th Cir. 1982); *NLRB v. Rohlen*, 385 F.2d 52, 56 (7th Cir. 1967); *NLRB v. Dutch Boy, Inc.*, 606 F.2d 929, 930 (10th Cir. 1979).

[3]   *EEOC v. Children's Hospital*, 719 F.2d 1426, 1429 (9th Cir. 1983) (en banc) (quoting *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943)); See Also *NLRB v. Frederick Cowan & Co., Inc.*, 522 F.2d 26, 28 (2d Cir. 1975).

that "[s]ome burden on subpoenaed parties is to be expected and is necessary in the furtherance of the agency's legitimate inquiry and the public interest …. The question is whether the demand is *unduly* burdensome or *unreasonably* broad." *FTC v. Texaco,* 555 F.2d 862, 882 (D.C. Cir. 1977), *cert. denied,* 431 U.S. 974 (1977) (emphasis in the original). To demonstrate undue burden, the subpoenaed parties must show that compliance with the subpoena "would seriously disrupt its normal business operations." *EEOC v. Maryland Cup Corp.,* 785 F.2d 471, 477 (4th Cir. 1986), *cert. denied,* 479 U.S. 815 (1986).[4] Respondents' general description of themselves as "policy-level decision makers" having responsibility for a large number of members in a large geographical area, without more, falls far short of proving that the subpoenas are overbroad or unduly burdensome, for to accept such an argument would have the effect of exempting a broad category of individuals from the investigative process, notwithstanding their possession of relevant evidence. Moreover, the testimony being sought by the Board is not so extensive as to be excessively time consuming. Thus, Respondents have clearly failed to show that they should be excused from compliance on this basis.

### III. Conclusion

For the reasons set forth above, the Board respectfully requests that this Court grant the Board's Application and order Respondents to comply with the Board's investigatory subpoenas.

DATED AT Oakland, California this 26th day of August, 2008.

_____
Michelle M. Smith
National Labor Relations Board
Region 32

---

[4] *See also Valley Industrial Services, Inc. v. EEOC,* 570 F. Supp. 902, 907 (N.D. Cal. 1983) (disruption of business operations is the appropriate standard, since "[e]very employer investigated . . . may feel that compliance [with a subpoena] is burdensome").